**SEYFARTH SHAW LLP**
Ari Hersher (SBN 260321)
ahersher@seyfarth.com
Ian T. Long (SBN 290975)
itlong@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
UL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE RUSSELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UL LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT UL LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Los Angeles Superior Court Case No. 21STCV41444)<br><br>Complaint Filed: November 10, 2021 |

UL LLC'S NOTICE OF REMOVAL

77349171v.6

1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DANE RUSSELL AND HIS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant UL LLC ("UL") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441(a) and 1446, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction).  UL states that removal is proper for the following reasons:

## BACKGROUND

1.     On November 10, 2021, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Dane Russell, an individual, Plaintiff, vs. UL LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, Defendants*, Case No. 21STCV41444 ("Complaint").

2.     The Complaint asserts causes of action against UL for: (i) Discrimination Based on Medical Condition in Violation of the Fair Employment and Housing Act; (ii) Hostile Work Environment Based on Medical Condition; (iii) Harassment in Violation of the Fair Employment and Housing Act; (iv) Failure to Prevent Discrimination and Harassment in Violation of the Fair Employment and Housing Act; (v) Wrongful Termination in Violation of Public Policy; (vi) Declaratory Relief; and (vii) Injunctive Relief.

3.     On November 16, 2021, UL's registered agent for service of process in California received the Summons and unverified Complaint. A true and correct copy of the Complaint packet received by UL, along with other documents filed on the state court docket through December 14, 2021, is attached as **Exhibit A**.

4.     On December 15, 2021, UL answered the Complaint, a true and correct copy of which is attached hereto as **Exhibit B**, in the California Superior Court for the County of Los Angeles.

UL LLC'S NOTICE OF REMOVAL

5.      In compliance with 28 U.S.C. section 1446(a), Exhibits A and B constitute true and correct copies of all process, pleadings, and orders filed and/or served in the state court action to date.

## TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely as it is filed within thirty (30) days of service of a copy of the Summons and Complaint on UL in this action.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.      Plaintiff Is A Citizen Of California

8.      Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.  *See* Exhibit A, Complaint ¶ 5.

### B.      Defendant UL Is Not a Citizen of California

9.      UL is now, and was at the time of the filing of this action, a citizen of a state other than California, within the meaning of 28 U.S.C. section 1332(c)(1).

10.      UL is now, and ever since this action commenced, a limited liability company ("LLC").  *See* Declaration of Todd Blevins In Support of Removal ("Blevins Decl.") ¶ 6, filed concurrently herewith.

11.      The citizenship of a limited liability company for diversity purposes is determined by the citizenship of each member of the LLC.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, the citizenship of UL is determined by looking at the citizenship of its members.

12.      UL's sole member is UL Inc., a corporation.  Blevins Decl. ¶ 7.

13.      For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"

*Davis v. HSBC Bank Nevada, N.A.*, 557 F. 3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

14.    The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the **place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"** . . .

15.    UL Inc. is incorporated in the State of Delaware with its headquarters and principal place of business in Northbrook, Illinois. Blevins Decl. ¶ 7. All of UL Inc.'s corporate functions are performed in Illinois, including where its officers direct, coordinate, and control its business operations. *Id*. Accordingly, UL Inc. is, and has been at all times since this action commenced, a citizen of both Delaware and Illinois.

16.    Accordingly, there is and has been since this action commenced complete diversity of citizenship between Plaintiff and UL.

### C.    Doe Defendants May Be Disregarded

17.    Plaintiff has alleged damages in the Complaint against Does 1 through 20. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co*., 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1 through 20, does not deprive this Court of jurisdiction.

### D.    The Amount in Controversy Exceeds $75,000

18.    While UL denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the

UL LLC'S NOTICE OF REMOVAL

jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F. 3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

19.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) (finding that Court may consider facts presented in removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *See Gaus v. Miles, Inc.*, 980 F. 2d 564, 566–67 (9th Cir. 1992).

20.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *See Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).  This amount includes potential damages for future earnings that extend up to, and even past, the date of trial.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (explaining that calculating the amount in controversy "at the time of removal" is not limited to wages lost up to the date of removal, and instead includes potential damages for future earnings).

21.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54

(2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F. 3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

22.     As discussed in detail below, the amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum.  *See Sanchez*, 102 F. 3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

23.     ***Plaintiff's Alleged Lost Income By The Time Of Trial Would Establish The Amount In Controversy***.  Plaintiff alleges to have been hired as a product specialist at UL in 2018, and then promoted to sales manager six months later.  Exhibit A, Complaint ¶¶ 16-17.  He alleges that he was harassed and discriminated against due to a disability, culminating in his termination in 2021.  *See, e.g.*, *id.* ¶¶ 21-25.  In his Complaint, Plaintiff alleges ((i) Discrimination Based on Medical Condition in Violation of the Fair Employment and Housing Act; (ii) Hostile Work Environment Based on Medical Condition; (iii) Harassment in Violation of the Fair Employment and Housing Act; (iv) Failure to Prevent Discrimination and Harassment in Violation of the Fair Employment and Housing Act; (v) Wrongful Termination in Violation of Public Policy; (vi) Declaratory Relief; and (vii) Injunctive Relief.  *Id.* ¶¶ 27-79.  In his Prayer for Relief, he expressly seeks **emotional distress damages**; **compensatory, economic, general and special damages**; **exemplary and punitive damages**; **attorney's fees**; **costs of suit**; **pre-**

**judgment interest**; and injunctive and declaratory relief.  Exhibit A, Complaint Prayer for Damages at 16.

24.     At the time of his termination, Plaintiff was a salaried employee earning $6,051.09 in gross pre-tax salary every bi-weekly pay period ($3,025.55/week).  Blevins Decl. ¶ 5. He also received sales incentives.  Given that Plaintiff alleges that he was an employee "until about July 2021" (Exhibit A, Complaint ¶ 16), he has incurred at least 22 weeks of alleged lost compensation to date.  Plaintiff's total alleged lost wages thus far are at least $66,562.10 ($3,025.55/week x 22 weeks).  Assuming trial would be set 52 weeks from the time of this filing (or more), Plaintiff's alleged lost income alone would be at least $223,890.70 ($3,025.55/week x 74 weeks).

25.     ***Emotional Distress Damages***.  Plaintiff also claims damages for emotional distress.  *See* Exhibit A, Complaint Prayer for Damages at 16.

26.     In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases."  Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination.  *Id.*

27.     A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000.  *See, e.g.*, *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of CFRA and disability discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case);

UL LLC'S NOTICE OF REMOVAL

1   *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000

2   in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*,

3   2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and

4   suffering to employee in discrimination case); *O'Connor v. UHS-Corona Inc.*, 2011 WL

5   3606915 (Riverside Sup. Ct.) (jury award of $1,500,000 in non-economic loss to

6   employee action involving retaliation in violation of CFRA); *Peacock v. Quest*

7   *Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic

8   loss to employee in action for discriminatory termination in violation of CFRA).

9   28.     Plaintiff's allegations that he was discriminated against and terminated because of

10  his disability are analogous to the claims in the cases cited above. Defendant has attached

11  these verdicts as **Exhibit C** to the concurrently filed Declaration of Ian T. Long for the

12  Court's review.

13  29.     ***Attorneys' Fees and Costs***.  Plaintiff also claims that he is entitled to attorneys'

14  fees and costs.  *See* Exhibit A, Complaint Prayer for Relief at 16.  Attorneys' fees are

15  properly considered in calculating the amount-in-controversy for purposes of removal on

16  grounds of diversity jurisdiction.  *See Galt*, 142 F. 3d at 1156 (claims for statutory

17  attorneys' fees to be included in amount in controversy, regardless of whether such award

18  is discretionary or mandatory).  Under California Government Code section 12965(b), the

19  court in its discretion may award fees and costs to the "prevailing party" in Fair

20  Employment and Housing Act actions.  Although the statute provides that the court

21  "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent

22  circumstances that would render the award unjust."  *Horsford v. Bd. of Trs. of Cal. State*

23  *Univ.*, 132 Cal. App. 4th 359, 394 (2005).

24  30.     Courts have also awarded far in excess of $75,000 in attorneys' fees in cases

25  involving claims analogous to Plaintiff's claims.  *See, e.g., Crawford v. DIRECTV, Inc.*,

26  2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of

27  $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007

28  WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6

7

million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case). Defendant UL has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Ian T. Long for the Court's review.

31.    Additionally, UL anticipates depositions being taken in this case, and that ultimately, UL will move for summary judgment or summary adjudication. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *See* Long Decl. ¶ 7.

32.    ***Punitive Damages***. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *See* Exhibit A, Complaint ¶¶ 40, 48, 55, 61, 68 and Prayer for Relief at 16.

33.    Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination cases. *See Burton v. Pulmocare Respiratory Services*, 2016 WL 6962191 (San Bernardino Sup. Ct.) (plaintiff's verdict in pregnancy discrimination case, with jury award of $275,000 in pain and suffering, $58,532 in past wages, $13,203 in future wages, and $50,000 in punitive damages); *Olivas-Dean v. Amer. Meizhou Dongpo Grp. Inc.*, 2017 WL 3531353 (Los Angeles Sup. Ct.) (plaintiff verdict totaling $350,000 based wrongful termination claim, of which $250,000 was for punitive damages). Defendant UL has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Ian T. Long for the Court's review.

34.    ***Plaintiff's Settlement Demand.***  In addition to the allegations in the Complaint itself, Plaintiff's settlement demand is relevant in establishing the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (finding that a settlement letter established amount in controversy above $75,000); *Dake v. Receivables Performance Mgmt., LLC,* No. EDCV1201680VAPSPX, 2012 WL 12894006, at *3 (C.D. Cal. Nov. 30, 2012) (holding that "[t]he Settlement Demand, demanding a

settlement in an amount in excess of $75,000, is sufficient to demonstrate that the amount in controversy requirement is met," and collecting cases finding that settlement demands established amounts in controversy). On August 6, 2021, Plaintiff's counsel sent a settlement demand for $500,000. *See* Long Decl. Ex. F. This, too, establishes that the amount in controversy exceeds $75,000.

35.     Based upon the allegations contained in Plaintiff's Complaint, Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between the Plaintiff and Defendant UL, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## II.    <u>VENUE</u>

36.     This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   <u>SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT</u>

37.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

38.     This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   **PRAYER FOR REMOVAL**

WHEREFORE, UL prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: December 16, 2021                    SEYFARTH SHAW LLP


By: */s/ Ari Hersher*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
        Ari Hersher
        Ian T. Long
        Attorneys for Defendant
        UL LLC

10

# EXHIBIT  A

# EXHIBIT  A

Case 2:21-cv-09736-FMO-PD Document 1 Filed 12/16/21 Page 13 of 72 Page ID #:13
21STCV41444
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 01:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Chaka C. Okadigbo, Esq. (SBN 224547)
HKM EMPLOYMENT ATTORNEYS LLP
700 S. Flower Street, # 1067
Los Angeles, CA 90017
Tel/Fax: (213) 431-6209
Email: cokadigbo@hkm.com

Attorneys for Plaintiff,
DANE RUSSELL

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK

| | |
|---|---|
| DANE RUSSELL, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>UL LLC, a Delaware limited liability company;<br>and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.  21STCV41444<br>[Unlimited Jurisdiction]<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1.  DISCRIMINATION BASED ON MEDICAL CONDITION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;<br>2.  HOSTILE WORK ENVIRONMENT BASED ON MEDICAL CONDITION;<br>3.  HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;<br>4.  FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;<br>5.  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND<br>6.  DECLARATORY RELIEF; AND<br>7.  INJUNCTIVE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, Dane Russell, an individual, ("Plaintiff" and/or "Mr. Russell") for Causes of Action against Defendants, UL LLC ("Defendant," "the Company," or "UL"), and DOES 1 through 20, inclusive, and each of them, hereby files his Complaint for Damages and Injunctive relief, as follows:

## JURISDICTION AND VENUE

1.      Pursuant to Article VI, § 10 of the California Constitution and Code of Civil Procedure § 410.10, subject matter jurisdiction is proper in the Superior Court of California, County of Alameda, State of California.

2.      Pursuant to California Code of Civil Procedure §§ 395 and 395.5, venue is proper in the Superior Court of California for the County of Los Angeles, because this is where Plaintiff's employment obligations/contract were entered into and where Plaintiff's rights as alleged herein were breached or where liability arises. Alternatively, if Defendant is deemed to reside in California, the County in which Defendant resides is unknown to Plaintiff (given Defendant's failure to designate a principal place of business in California in its filings with the California Secretary of State), making trial appropriate in any county of Plaintiff's choosing.

3.      On or about November 10, 2021, the California Department of Fair Employment and Housing ("DFEH") provided Plaintiff with a right to sue letter. This action has been filed within all applicable statutory time periods.

4.      Accordingly, this Court has jurisdiction, and venue is proper.

## PARTIES

5.      Plaintiff is an individual who worked for Defendant for nearly three years. Plaintiff is and was at all times relevant to this Complaint, a resident of the State of California, County of Los Angeles.

6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all material times was, a Delaware limited liability company. The Company is in the business of global safety certification, headquartered in Northbrook, Illinois. It maintains offices in 46 countries.

7.      The Company transacts, and is registered to do, business in California, and maintains

2

**EXHIBIT A         14**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   several offices in California, including in Fremont, Brea, Oakland, Agoura Hills, Oceanside, and
2   Oakland, among several California based locations.

3      8.      At all times herein, Defendant was and is an employer under the meaning of
4   Government Code § 12926(d). Defendant has over 5 employees.

5      9.      Plaintiff is ignorant of the true names and capacities, whether corporate, associate,
6   individual or otherwise of Defendants sued herein as DOES 1-20, inclusive, and therefore sues said
7   Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend
8   this Complaint to assert the true names and capacities of the fictitiously named Defendants when
9   the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each
10  Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts,
11  occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and
12  damages proximately thereby to the plaintiff, as hereinafter alleged.

13     10.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant
14  herein. Employer and DOES 1-20 herein was the agent, managing agent, principal, owner, partner,
15  joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each
16  of the other Defendants, and was at all times mentioned herein acting within the course and scope
17  of said agency and employment, and that all acts or omissions alleged herein were duly committed
18  with the ratification, knowledge, permission, encouragement, authorization and consent of each
19  Defendant designated herein.

20     11.     Whenever and wherever reference is made in this complaint to any act or failure to
21  act by a Defendant or co-Defendant such allegations and references shall also be deemed to mean
22  the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

23     12.     At all times relevant herein, Employers and DOES 1-50 were Plaintiff's employers,
24  joint employers and/or special employers within the meaning of Government Code §§
25  12926(d), 12940(a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more
26  persons and are therefore subject to the jurisdiction of this Court.

27     13.     Plaintiff is further informed and believes, and based thereon alleges, that at all
28  relevant times, the entity Defendants and Does 1-50 acted as and constituted a "single employer"

1 | or "joint employer" of Plaintiff in connection with all governing laws, statutes, and regulations.

2 |     14.    Whenever and wherever reference is made in this Complaint to any act by a

3 | defendant or defendants, such allegations and reference shall also be deemed to mean the acts and

4 | failures to act of each defendant acting individually, jointly, and severally.

5 |     15.    Whenever and wherever reference is made to individuals who are not named as

6 | Plaintiff or Defendants in this Complaint but were agents, servants, employees and/or supervisors

7 | of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope

8 | of their employment.

9 | **FACTUAL ALLEGATIONS**

10 |     16.    Mr. Russell was hired by the Company on or about November 2018 to work at its

11 | Alameda office and remained an employee with the Company until about July 2021.

12 |     17.    Mr. Russell initially worked for the Company as a product specialist for six months.

13 | Thereafter he worked as a sales manager for the following two years. Throughout performing work

14 | for the Company, Mr. Russell was awarded performance-based bonuses nine out of ten quarters.

15 | Mr. Russell's duties as a sales manager included, but were not limited to, managing a sales team,

16 | selling UL products and services, and maintaining customer accounts.

17 |     18.    Mr. Russell worked tirelessly in his role leading a five-person sales team that grew

18 | 20-30% year over year and was recognized as one of the top performing sales teams within UL.

19 | Additionally, Mr. Russell earned a $40,000 bonus each year based on his stellar performance.

20 |     19.    Mr. Russell was a stellar employee as exemplified by the growth of his sales team

21 | and UL giving him bonuses each year based on his performance.

22 |     20.    Mr. Russell was diagnosed with cancer in May 2021 and underwent treatment in

23 | May and June 2021. Even after Mr. Russell underwent cancer treatment, he did not use sick leave.

24 | Along with taking just one day off near the time he underwent surgery for his cancer, Mr. Russell

25 | received follow-up treatment from about 12:00 p.m. to 2:00 p.m. on a daily basis for 15 days,

26 | including during workdays. Notably, Mr. Russell worked two extra hours per day to account for the

27 | time he was taking off to undergo his cancer treatments.

28 |     21.    In June 2021, just after Mr. Russell's cancer diagnosis and treatment, UL placed Mr.

**EXHIBIT A** 16

1   Russell on a 30-day performance improvement plan ("PIP"). Based on information and belief, Mr.
2   Russell alleges that he was unfairly placed on a PIP due to his disability and need for medical care
3   as the UL did not want to employ a person who would require significant medical care in connection
4   with his cancer diagnosis.

5       22.    The PIP asserted that Mr. Russell needed to improve in certain areas of his work or
6   else he would be terminated. However, as described more fully herein, the PIP was wholly baseless
7   and served as a pretext for Mr. Russell's termination.

8       23.    Mr. Russell was criticized in the PIP for UL's over hiring of engineers relative to
9   the actual needs of the Company. UL had relied on a particular software to estimate its hiring needs.
10  The software projected inflated sales from Mr. Russell's sales team. However, Mr. Russell dd not
11  cause this predicament as he did not control the data input for the software. Nevertheless, he took
12  charge of the situation after receiving the PIP and arranged for the software to rely on different and
13  more accurate data to render more realistic business projections from his sales team.

14      24.    Additionally, Mr. Russell addressed every point raised in the PIP and updated
15  management, including Karine Johnfroe and March Johnson, on a weekly basis as to his progress
16  in resolving the alleged performance "problems" outlined in the PIP. Even though Mr. Russell
17  addressed every single point raised in the PIP, and despite the fact that nothing in the PIP identified
18  any legitimate failings attributable to Mr. Russell specifically, UL, nevertheless, terminated Mr.
19  Russell.

20      25.    Although Mr. Russell at all times performed his job satisfactorily, if not excellently,
21  he addressed every point raised in his bogus PIP but was still terminated in July 2021.

22      26.    Given Mr. Russell's record of outstanding job performance, UL's unwavering
23  history of awarding Mr. Russell a $40,000 bonus every single year without fail, the fact that Mr.
24  Russell had never previously been criticized for his job performance, and the timing of the PIP, Mr.
25  Russell is informed and believes, and based thereon alleges, that UL's decision to place him on a
26  PIP and then terminate his employment was substantially motivated by actual and perceived
27  disabilities and medical conditions, namely his cancer diagnosis and treatment. Mr. Russell was
28  subject to harassment, discrimination and retaliation based on his disabilities and medical

5

**EXHIBIT A**        17

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  conditions. Mr. Russell further alleges that any purported justification of his termination was based
2  on pretext.

3                              **FIRST CAUSE OF ACTION**

4                      **(Discrimination Based on Medical Condition)**

5                              **(Against All Defendants)**

6      27.    Plaintiff hereby re-alleges and incorporates herein by reference each and every
7  allegation contained in the previous paragraphs as though fully set forth herein.

8      28.    At all times herein mentioned, the Fair Employment and Housing Act ("FEHA")
9  was in full force and effect and was binding against the Company.

10     29.    Under the law, Government Code sections 12926 and 12940, and the accompanying
11  regulations, "are to be broadly construed to protect applicants and employees from discrimination
12  due to an actual or perceived physical or mental disability or mental condition that is disabling,
13  potentially disabling or perceived to be disabling or potentially disabling. The definition of
14  disability... shall be construed broadly in favor of expansive coverage by the maximum extent
15  permitted by the terms of the Fair Employment and Housing Act (FEHA) .... [T]he primary focus
16  in cases brought under the FEHA should be whether employers and other covered entities have
17  provided reasonable accommodation to applicants and employees with disabilities, whether all
18  parties have complied with their obligations to engage in the interactive process and whether
19  discrimination has occurred, not whether the individual meets the definition of disability, which
20  should not require extensive analysis." (Cal. Code Regs., tit. 2, § 11064(b).)

21     30.    Government Code section 12940, subdivision (a), provides that it is an unlawful
22  employment practice "[f]or an employer, because of the... physical disability, mental disability, [or]
23  medical condition ... of any person, to refuse to hire or employ the person or to refuse to select the
24  person for a training program leading to employment, or to bar or to discharge the person from
25  employment or from a training program leading to employment, or to discriminate against the
26  person in compensation or in terms, conditions, or privileges of employment."

27     31.    FEHA defines "disability" to include "[h]aving a record or history of a disease,
28  disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that constitutes

                                        6
                                                                        **EXHIBIT A**      **18**

1    a physical disability], which is known to the employer," "[b]eing regarded or treated by the
2    employer ... as having, or having had, any physical condition that makes achievement of a major
3    life activity difficult," or "[b]eing regarded or treated by the employer... as having, or having had,
4    a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that
5    has no present disabling effect but may become a physical disability." (*Cal. Govt. Code §*
6    12926(m)(3)-(5).) Under the "regarded as" theory, an actual or existing disability is not necessary.
7    (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 52-53.)

8         32.    FEHA also defines "medical condition" to include "[a]ny health impairment related
9    to or associated with a diagnosis of cancer or a record or history of cancer." (*Cal. Govt. Code §*
10   12926(i)(1)).

11        33.    Plaintiff was diagnosed with cancer and, as a result, had to undergo medical
12   treatments in May and June 2021.

13        34.    Despite Plaintiff's notifications to UL of the nature of his disability, UL subjected
14   Plaintiff to hostility as detailed above and incorporated herein by reference. Ultimately, UL
15   terminated Plaintiff under a pretext.

16        35.    Plaintiff further alleges that he was "regarded" by the Company and Does 1 through
17   20, inclusive, as having had a disease, disorder, condition, or health impairment that had no present
18   disabling effect but may become a physical disability. (Gov. Code, § 12926(m)(5).) This qualifies
19   Plaintiff as a person protected from discrimination on the basis of a "physical disability" under
20   FEHA. (Gov. Code, § 12926(m)(3) - (5).)

21        36.    Plaintiff was subject to differential/disparate treatment and retaliation by the
22   Company and Does 1 through 20, inclusive, because of his medical conditions and disabilities (as
23   described above). Plaintiff's medical condition and actual or perceived disability was a motivating
24   reason for Plaintiffs termination. The Company and Does 1 through 20, inclusive, employed and
25   then terminated Plaintiff after he informed them of his disabilities and medical conditions.

26        37.    As a direct, legal, and proximate cause of Plaintiff's aforementioned protected
27   status, UL and Does 1 through 20, inclusive, discriminated against Plaintiff on the basis of his actual
28   or perceived disabilities, and medical conditions, including, but not limited to, discriminating

against and terminating Plaintiff within a short proximity of time of requesting accommodations and taking doctor-ordered medical leave for his disabilities and medical conditions and retaliating against Plaintiff in response to his need for accommodation for his disabilities and medical conditions by, among other things placing him on a bogus PIP and then terminating his employment shortly thereafter even though he was an exemplary employee to whom UL had previously awarded bonuses and had no prior complaints about his performance prior to being diagnosed with cancer and informing UL about his diagnosis.

38.     As a direct, foreseeable, and proximate result of UL's and Does 1 through 20's conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial. Plaintiff has also suffered humiliation, serious mental anguish and emotional and physical distress; in an amount to be proven at trial.

39.     UL's and Does 1 through 20's conduct was a substantial factor in causing aforementioned harm.

40.     The conduct of which Plaintiff complains was carried out by UL and Does 1 through 20, inclusive, willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Plaintiffs rights. As such, Plaintiff is entitled to an award of exemplary damages according to proof. The aforementioned conduct which informs Plaintiff's seeking of punitive damages against Defendants was done with the advance knowledge by an officer, director, and/or managing agent of UL and Does 1 through 20, inclusive. T he alleged conduct informing Plaintiff's seeking of punitive damages was authorized, ratified, and/or committed by an officer, director, and/or managing agent of UL and Does 1 through 50, inclusive.

41.     Plaintiff has also incurred, and will continue to incur, necessary and reasonable attorney's fees and costs in order to enforce her rights, which he is entitled to recover under FEHA.

## SECOND CAUSE OF ACTION

### (Hostile Work Environment Based on Discrimination)

### (Against All Defendants)

42.     Plaintiff hereby re-alleges and incorporates herein by reference each and every

8

**EXHIBIT A**     **20**

1 | allegation contained in the previous paragraphs as though fully set forth herein

2 |     43.    FEHA, at 12940(j)(1), prohibits workplace harassment on the basis of a medical

3 | condition.

4 |     44.    Plaintiff, a male with a medical condition, is a member of a protected class.

5 |     45.    Based on the foregoing facts alleged, Defendants subjected Plaintiff to a hostile

6 | work environment based on his medical condition that was sufficiently severe or pervasive to

7 | alter the terms and conditions of Plaintiff's employment. Specifically, Defendants put Plaintiff

8 | on a PIP for no reason and subjected Plaintiff to burdensome PIP requirements for no reason

9 | besides its unlawful ulterior motive to terminate Plaintiff's employment because of his medical

10 | condition. Defendants then terminated Plaintiff's employment for the same ulterior, unlawful

11 | motive – disapproving of Plaintiff's cancer diagnosis, not wanting to accommodate whatever

12 | treatments Plaintiff would need in the future or to deal with whatever negative consequences

13 | further treatment or time off, in Defendants' perception, that could be likely to occur in the

14 | future. A reasonable person belonging to Plaintiff's protected class would find the environment

15 | hostile or abusive.

16 |     46.    Defendant is strictly liable for the conduct of their agents.

17 |     47.    As a direct, legal, and proximate result of Defendant's conduct, Plaintiff has

18 | sustained, and will continue to sustain, damages, including general damages, special damages, and

19 | emotional distress, in amounts to be established at trial.

20 |     48.    Defendant's conduct toward Plaintiff, being despicable and in conscious

21 | disregard of her rights and well-being, was willful, malicious, intentional, oppressive, and/or

22 | fraudulent, and thereby justify the award of punitive and exemplary damages in an amount to

23 | be determined at trial.

24 | **THIRD CAUSE OF ACTION**

25 | **(Harassment in Violation of FEHA)**

26 | **(Against All Defendants)**

27 |     49.    Plaintiff hereby re-alleges and incorporates herein by reference each and every

28 | allegation contained in the previous paragraphs as though fully set forth herein.

9

50.     Under FEHA, it is unlawful for an employer to harass any employee on the basis of, *inter alia*, medical condition.

51.     In perpetrating the above-described acts, Defendants, their agents, and/or employees, engaged in unlawful medical condition harassment in violation of the FEHA.

52.     Defendant, its agents, and/or employees harassed Plaintiff because of his medical condition. Defendant subjected Plaintiff to degrading and humiliating comments and other harmful conduct. The aforesaid unwelcome acts by Defendant and/or Defendants' agents and/or employees were severe or pervasive, and created a hostile work environment. Defendant knew or should have known of the harassment.

53.     As a direct and proximate result of the Company and its agents' harassment, Plaintiff has suffered (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages in an amount according to proof.

54.     Plaintiff has also incurred, and will continue to incur, necessary and reasonable attorney's fees and costs in order to enforce her rights, which he is entitled to recover under FEHA.

55.     In doing the acts alleged herein, Defendant acted maliciously and oppressively with the wrongful intent of injuring Plaintiff and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendant acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Harassment in Violation of FEHA)

### (Against All Defendants)

56.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

57.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Cal. Gov. Code § 12940(k).

58.     Although on notice, the Company, in violation of Cal. Gov. Code § 12940(k), failed

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | to take reasonable steps to protect Plaintiff from the harassment and discrimination alleged herein.
2 | Despite the Company's knowledge of the harassment and discrimination alleged herein, and the
3 | actual knowledge of its agents, the Company allowed the harassment and discrimination of Plaintiff
4 | based on his medical condition to continue and ultimately terminated his employment.

5 |      59.     As a proximate result of Defendant's unlawful acts, Plaintiff sustained a loss of
6 | earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation,
7 | embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation,
8 | embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be
9 | determined at trial.

10 |      60.     Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other
11 | appropriate relief as determined by this Court.

12 |      61.     In doing the acts alleged herein, Defendant acted maliciously and oppressively, with
13 | the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to
14 | malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were
15 | carried out by Defendant acting in a despicable, deliberate, and intentional manner, Plaintiff is
16 | entitled to recover punitive damages in an amount according to proof at trial.

17 | **FIFTH CAUSE OF ACTION**
18 | **(Wrongful Termination in Violation of Public Policy)**
19 | **(Against All Defendants)**

20 |      62.     Plaintiff hereby re-alleges and incorporates herein by reference each and every
21 | allegation contained in the previous paragraphs as though fully set forth herein.

22 |      63.     The Company and Does 1 through 50, inclusive, terminated Plaintiffs employment,
23 | as described above, in whole or in part, because of his medical condition and actual or perceived
24 | physical disabilities. These acts by the Company and Does 1 through 20, inclusive, were in violation
25 | of public policy of the State of California as evidenced by article I, section 1 of the California
26 | Constitution as well as enactment of the California Fair Employment and Housing Act. (Gov. Code,
27 | § 12900 et seq.).

28 |      64.     As a proximate result of Defendant's unlawful acts, Plaintiff sustained economic

11

**EXHIBIT A**

1    damages, including a lost wages and benefits, and other compensatory damages in an amount to be

2    ascertained at trial.

3        65.     As a further direct and proximate result of the above-described acts of Defendants,

4    Plaintiff has suffered and will continue to suffer emotional distress and has been generally damages

5    in an amount to be ascertained at trial.

6        66.     As a further direct and proximate result of the above-described acts of the Company

7    and Does 1 through 20, inclusive, Plaintiff will necessarily continue to expend sums in the future

8    for the treatment of the emotional injuries sustained by Plaintiff as a result of the Company's and

9    Does 1 through 20's acts in an amount to be ascertained at the time of trial.

10        67.     Plaintiff is entitled to damages, reasonable attorney's fees and costs, and other

11    appropriate relief as determined by this Court.

12        68.     In doing the acts alleged herein, Defendant acted maliciously and oppressively, with

13    the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to

14    malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were

15    carried out by Defendants acting in a willful, intentional, and malicious manner, Plaintiff is entitled

16    to recover punitive damages in an amount sufficient to punish Defendants and to deter others from

17    engaging in similar conduct.

18                               **SIXTH CAUSE OF ACTION**

19                                  **(Declaratory Relief)**

20                            **(Against All Defendants)**

21        69.     Plaintiff hereby re-alleges and incorporates herein by reference each and every

22    allegation contained in the previous paragraphs as though fully set forth herein.

23        70.     California *Government Code* section 12920 sets forth the public policy of the State

24    of California as follows:

25       It is hereby declared as the public policy of this state that it is necessary to

26    protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed,

27    color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender

28    expression, age, sexual orientation, or military and veteran status.

1 | It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife
2 | and unrest, deprives the state of the fullest utilization of its capacities for development
3 | and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
4 | Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national
5 | origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
6 | It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
7 | This part shall be deemed an exercise of the police power of the state for the
8 | protection of the welfare, health, and peace of the people of this state

9 | 71.   California *Government Code* section 12920.5 embodies the intent of the California
10 | legislature and states:

11 | In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress
12 | the adverse effects of those practices on aggrieved persons. To that end, this part shall
13 | be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.
14 |

15 | 72.   Moreover, California *Government Code* section 12921, subdivision (a), states in
16 | pertinent part:

17 | The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability,
18 | mental disability, medical condition, genetic information, marital status, sex, gender,
19 | gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.
20 |

21 | 73.   An actual controversy has arisen and now exists between Plaintiff and Defendants
22 | concerning their respective rights and duties as it is believed that Defendants may allege that
23 | Plaintiff's termination was based on a non-discriminatory, legitimate reason and Plaintiff's
24 | disabilities and medical conditions were not substantial motivating factors for the decision to
25 | terminate or any factor whatsoever. Plaintiff contends that the reason given by Defendants was a
26 | pretext to mask its true reason(s) for terminating him. Plaintiff is informed and believes, and on that
27 | basis alleges, that Defendants shall dispute Plaintiff's contention and shall assert its reason was
28 | non-discriminatory and legitimate.

74.    Pursuant to California Code of Civil Procedure section 1060, Plaintiff desires a judicial determination of his rights and duties, and a declaration that his disability and medical condition were substantial motivating factors in the decision to terminate him.

75.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.)

76.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

77.    California Government Code section 12965, subdivision (b), provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs. "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination.

## SEVENTH CAUSE OF ACTION

### (Injunctive Relief)

### (Against All Defendants)

78.    Plaintiff repeats and realleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

79.    The acts and omissions of the Defendants, and each of them, have caused irreparable harm to Plaintiff and will continue to cause irreparable harm to current employees unless the complained of conduct is enjoined. There is no immediate, adequate, or speedy remedy at law to redress the continuing discriminatory and retaliatory policies and practices of Defendant employer and, therefore, Plaintiff seeks affirmative and injunctive relief as follows:

(a)    for an injunction restraining Defendants, and each of them, from continuing

1  or maintaining any policy, practice, custom, or usage which is discriminatory, retaliatory, or

2  harassing in nature against any employee based upon the employee's protected class status, such as

3  disability and/or medical condition;

4          (b)    for an injunction restraining the Defendants, along with their supervising

5  employees, agents, and all those subject to its control or acting in concert with it, from causing,

6  encouraging, condoning, or permitting discriminatory practices as well as the practice of retaliation;

7          (c)    for affirmative relief requiring Defendants, and each of them, to conduct

8  training of all employees to "sensitize" them to the harmful nature of discrimination and retaliation

9  against any employee. The proposed plan of education and training should also include training and

10  detection, and correction and prevention of such discriminatory and retaliatory practices;

11          (d)    for affirmative relief requiring Defendants, and each of them, to notify all

12  employees and supervisors, through individual letters and permanent postings in prominent

13  locations in all offices that retaliation and discrimination violate the California Fair Employment

14  and Housing Act and the consequences of violation of such laws and policies;

15          (e)    for affirmative relief requiring Defendants, and each of them, to develop

16  clear and effective policies and procedures for employees complaining of retaliation,

17  discrimination, or other violations of FEHA so they may have their complaints promptly and

18  thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for

19  hearing, adjudication, and appeal of the complaints; and

20          (f)    for affirmative relief requiring Defendants, and each of them, to develop

21  appropriate sanctions or disciplinary measures for supervisors or other employees who are found

22  to have committed discriminatory, harassing, or retaliatory acts, including warnings to the

23  offending person and notations in that person's employment record for reference in the event future

24  complaints are directed against that person, and dismissal where other measures fail.

25      ///

26      ///

27      ///

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT A**     **27**

## **PRAYER FOR DAMAGES**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For emotional distress damages in an amount to be proven at trial;

2. For compensatory, economic, general, and special damages in amounts to be proven at trial;

3. For exemplary and punitive damages according to proof;

4. For the reasonable value of attorney services and fees, pursuant to applicable statutes;

5. For costs of suit incurred herein;

6. For prejudgment interest;

7. For an order of this Court: (a) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 et seq.; and (b) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices;

8. For injunctive relief;

9. For declaratory relief; and

10. For such other and further relief as this Court deems just and proper.

DATED:  November 10, 2021           HKM EMPLOYMENT ATTORNEYS LLP


By: _____
Chaka C. Okadigbo, Esq.
Attorneys for Plaintiff,
DANE RUSSELL

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT A**      **28**

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff Dane Russell hereby demands a trial by jury on all claims.

3

4     DATED:  November 10, 2021          HKM EMPLOYMENT ATTORNEYS LLP

5

6                                      By: _____

7                                          Chaka C. Okadigbo, Esq.
                                           Attorneys for Plaintiff,
8                                          DANE RUSSELL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2021 11:14 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk
21STCV41444

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UL LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dane Russell, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV41444 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chaka C. Okadigbo, HKM Employment Attorneys, #1067, Los Angeles, CA 90017. Tel: (213) 431-6209

| DATE: 11/12/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* S. Bolden | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  UL LLC, a Delaware limited liability company

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  NOV 16 2021

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.       [Print this form]  [Save this form]

**EXHIBIT A       30**

[Clear this form]

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Chaka C. Okadigbo (224547)
HKM Employment Attorneys LLP, #1067, Los Angeles, CA 90017

TELEPHONE NO.:(213) 431-6209     FAX NO. (Optional):
E-MAIL ADDRESS:cokadigbo@hkm.com
ATTORNEY FOR (Name):Plaintiff Dane Russell

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:111 N. Hill Street
MAILING ADDRESS:111 N. Hill Street
CITY AND ZIP CODE:Los Angeles, CA 90012
BRANCH NAME:Stanley Mosk Courthouse

CASE NAME:
Dane Russell v. UL LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV41444 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify):
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 10, 2021

Chaka C. Okadigbo
_____
(TYPE OR PRINT NAME)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A** 31

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A**

For your protection and privacy, please press the Clear

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 01:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

| SHORT TITLE:<br>Dane Russell v. UL LLC, et al. | CASE NUMBER<br>21STCV41444 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 6   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | A6070   Asbestos Property Damage<br>A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210   Medical Malpractice - Physicians & Surgeons<br>A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | A7250   Premises Liability (e.g., slip and fall)<br>A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>A7270   Intentional Infliction of Emotional Distress<br>A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | A6013   Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Dane Russell v. UL LLC, et al. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** — Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** — Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** — Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** — Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** — Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** — Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**34**

| SHORT TITLE: Dane Russell v. UL LLC, et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
EXHIBIT A
Page 3 of 4

35

| SHORT TITLE:<br>Dane Russell v. UL LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>□1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>37604 16th Street East |
|---|---|
| CITY:<br>Palmdale | STATE:<br>CA | ZIP CODE:<br>93550 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 11.10.2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| **Print This Form** | To protect your privacy, please press the Clear This Form button after you have printed this form. | **Clear This Form** |
|---|---|---|

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>**EXHIBIT A** Page 4 of 4   36 |
|---|---|---|

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

1

2

3

4

5       SUPERIOR COURT OF THE STATE OF CALIFORNIA

6       FOR THE COUNTY OF LOS ANGELES

7

8    IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
     — MANDATORY ELECTRONIC FILING    )
9    FOR CIVIL                         )
                                       )
10                                     )
                                       )
11   _____   )

12          On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19      a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20         quickly locate and navigate to a designated point of interest within a document.

21      b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22         portal, that gives litigants access to the approved Electronic Filing Service Providers.

23      c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24         of documents to the Court for processing which may contain one or more PDF documents

25         attached.

26      d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27         document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**        37

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2    person or entity that receives an electronic filing from a party for retransmission to the Court.

3    In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4    agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6    Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7    (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8    2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9    process attached to or logically associated with an electronic record and executed or adopted

10    by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12    in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**   A digital document format that preserves all fonts,

14    formatting, colors and graphics of the original source document, regardless of the application

15    platform used.

16   2) · MANDATORY ELECTRONIC FILING

17    a) Trial Court Records

18    Pursuant to Government Code section 68150, trial court records may be created, maintained,

19    and preserved in electronic format.  Any document that the Court receives electronically must

20    be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21    official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23    Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24    electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26    The Court has issued a Public Notice with effective dates the Court required parties to

27    electronically file documents through one or more approved EFSPs.  Public Notices containing

28    effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**    38

2019-GEN-014-00

   d) Documents in Related Cases

      Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

**EXHIBIT A**      39

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

   Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

  a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

  b) The table of contents for any filing must be bookmarked.

  c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

  d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii) Supporting Briefs.

  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

  f) Accompanying Documents

    Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

  g) Multiple Documents

    Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**      40

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

**EXHIBIT A**

41

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

**EXHIBIT A**    42

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019 

11   KEVIN C. BRAZILE
     Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

**EXHIBIT A**

45

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**EXHIBIT A**    48

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**EXHIBIT A**    49

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT A**        50

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**EXHIBIT A**    51

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

1
2
3
4
5
6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **FOR THE COUNTY OF LOS ANGELES**

9

10  General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
    Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
11  Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                        )    TO EARLY ORGANIZATIONAL
12                                      )    MEETING STIPULATION
                                        )
13  ——————————————————————————————————)

14        Whereas the Los Angeles Superior Court and the Executive Committee of the

15  Litigation Section of the Los Angeles County Bar Association have cooperated in

16  drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

17

18  use in general jurisdiction civil litigation in Los Angeles County;

19        Whereas the Los Angeles County Bar Association Litigation Section; the Los

20  Angeles County Bar Association Labor and Employment Law Section; the Consumer

21  Attorneys Association of Los Angeles; the Association of Southern California Defense

22

23  Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24  Employment Lawyers Association all "endorse the goal of promoting efficiency in

25  litigation, and ask that counsel consider using these stipulations as a voluntary way to

26  promote communications and procedures among counsel and with the court to fairly

27

28  resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A        53

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_        _Carolyn B. Kuhl_

5                               Carolyn B. Kuhl, Supervising Judge of the
                                Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

### THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 1 of 2

**EXHIBIT A**      56

**How to Arrange Mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 12/13/2021 03:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Galore, Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**Chaka Okadigbo SBN 224547**<br>**KHM Employment Attorneys LLP**<br>**700 S Flower St 10th Floor, #1067**<br>**Los Angeles, CA 90017**<br><br>TELEPHONE NO.: **(213) 431-6209**　　　　FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **cokadigbo@hkm.com**<br>ATTORNEY FOR *(Name):*　**Plaintiff** | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>　STREET ADDRESS:　111 N Hill St.<br>　MAILING ADDRESS:　111 N Hill St.<br>　CITY AND ZIP CODE:　Los Angeles, CA 90012<br>　BRANCH NAME:　SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |

| | |
|---|---|
| PLAINTIFF/PETITIONER:　Dane Russell<br><br>DEFENDANT/RESPONDENT:　UL LLC | CASE NUMBER:<br>21STCV41444 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Complaint; ADR Information Packet***

3. a. Party served *(specify name of party as shown on documents served):* **UL LLC, a Delaware limited liability company**

   b. [✗] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Diana Ruiz, Authorized to Accept**

4. Address where the party was served: ***330 N Brand Blvd, #700 Glendale, CA 91203***

5. I served the party *(check proper box)*

   a. [✗] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **11/16/2021** (2) at: **12:40 PM**

   b. [ ] **by substituted service.** On: 　at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   　　　　(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   　　　　(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   　　　　(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   　　　　(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   　　　　　　*on:* 　　　　*from:* 　　　　**or** [ ] a declaration of mailing is attached.

**Page 1 of 3**

**Invoice # 5171896**

**EXHIBIT A**　　**58**

| PLAINTIFF/PETITIONER:      Dane Russell | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   UL LLC | 21STCV41444 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: _____   (2) from: _____

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.   ☐   **by other means** (*specify means of service and authorizing code section*):

☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

a.   ☐   as an individual defendant.

b.   ☐   as the person sued under the fictitious name of (*specify*):

c.   ☐   as occupant.

d.   ☒   On behalf of (*specify*): **UL LLC, a Delaware limited liability company**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**
a.   Name: **Bruce Anderson**
b.   Address: **Corporate Office: 5080 California Avenue Suite 425, Bakersfield, CA 93309**
c.   Telephone number: **888-514-5067**
d.   **The fee** for service was: **$85.00**
e.   I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i)   ☐ owner   ☐ employee   ☒ independent contractor.

(ii)   Registration No.: **2016038557**
(iii)   County: **Los Angeles**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: 5171896

**EXHIBIT A**     **59**

| PLAINTIFF/PETITIONER:     Dane Russell | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:     UL LLC | 21STCV41444 |

8.  [ **✗** ]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Bruce Anderson                    Date: **11/16/2021**

Invoice#: 5171896
**EXHIBIT A        60**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**11/19/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Lee _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Dane Russell

DEFENDANT(S):

UL LLC, a Delaware limited liability company

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

21STCV41444

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>05/13/2022</u> at <u>8:30 AM</u> in department <u>58</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

**John P. Doyle**

Dated: <u>11/19/2021</u>

John P. Doyle / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/19/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Dane Russell | |
| DEFENDANT/RESPONDENT:<br>UL LLC, a Delaware limited liability company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV41444 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chaka  Okadigbo
HKM Employment Attorneys LLP
700 S. Flower Street #1067
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/19/2021</u>                    By: <u>R. Lee</u>
                                                          Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
11/19/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ R. Lee _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Dane Russell

DEFENDANT:
UL LLC, a Delaware limited liability company

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV41444

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/13/2022 | Time: 8:30 AM | Dept.: 58 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/19/2021

*John P. Doyle*

_____
John P. Doyle / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Chaka Okadigbo
700 S. Flower Street #1067

Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/19/2021

By R. Lee
_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

**EXHIBIT A**       63

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/19/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Dane Russell | |
| DEFENDANT/RESPONDENT:<br>UL LLC, a Delaware limited liability company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV41444 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chaka  Okadigbo
HKM Employment Attorneys LLP
700 S. Flower Street #1067
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/19/2021</u>                    By: <u>  R. Lee  </u>
                                                          Deputy Clerk

# EXHIBIT  B

# EXHIBIT  B

1  SEYFARTH SHAW LLP
   Ari Hersher (SBN 260321)
2  ahersher@seyfarth.com
   Ian T. Long (SBN 290975)
3  itlong@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Attorneys for Defendant
   UL LLC

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF LOS ANGELES

10

11
   DANE RUSSELL, and individual,              Case No. 21STCV41444
12
                     Plaintiff,               **DEFENDANT UL LLC'S ANSWER TO**
13                                            **PLAINTIFF'S UNVERIFIED**
              v.                              **COMPLAINT FOR DAMAGES AND**
14                                            **INJUNCTIVE RELIEF**
   UL LLC, a Delaware limited liability company;
15 and DOES 1 through 20, inclusive,

16                   Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---

UL LLC ("Defendant") answers the Complaint for Damages and Injunctive Relief of Dane Russell ("Plaintiff"), as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in the Complaint.  In further answer to the Complaint, Defendant denies that Plaintiff has suffered any injury, damage, or loss in any nature or manner whatsoever by reason of any act or omission of Defendant.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

(Failure to State a Cause of Action – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

### SECOND SEPARATE DEFENSE

(No Injury – All Causes of Action)

Plaintiff sustained no injuries, damages, or loss by reason of any act of Defendant.

### THIRD SEPARATE DEFENSE

(Statute of Limitations – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Civil Code sections 335.1 and 338; California Government Code sections 12960 and 12965; and California Code of Civil Procedure section 340.

### FOURTH SEPARATE DEFENSE

(Failure to Exhaust Administrative Remedies – First Through Fourth Causes of Action)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

1

## FIFTH SEPARATE DEFENSE

2

(Consent – All Causes of Action)

3    Assuming that Defendant engaged in the conduct attributed to it, which Defendant denies,

4  Plaintiff consented to such conduct.

5

## SIXTH SEPARATE DEFENSE

6

(Estoppel – All Causes of Action)

7    Defendant is informed and believes that Plaintiff is equitably estopped from asserting his claims

8  for relief because Plaintiff has by his own conduct, intentionally induced, caused, or contributed to the

9  alleged conduct of which he now complains.

10

## SEVENTH SEPARATE DEFENSE

11

(Laches – All Causes of Action)

12    Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

13

## EIGHTH SEPARATE DEFENSE

14

(Privilege/Justification – All Causes of Action)

15    Assuming *arguendo* that any of the actions alleged in the Complaint were taken by Defendant,

16  such actions were at all times privileged or justified.

17

## NINTH SEPARATE DEFENSE

18

(Ratification – All Causes of Action)

19    Plaintiff's claims are barred in whole or in part because any conduct by Defendant was ratified

20  by Plaintiff.

21

## TENTH SEPARATE DEFENSE

22

(Unclean Hands – All Causes of Action)

23    Plaintiff's claims are barred to the extent he has unclean hands.

24

## ELEVENTH SEPARATE DEFENSE

25

(Waiver – All Causes of Action)

26    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

27

28

2

**TWELFTH SEPARATE DEFENSE**

(After-Acquired Evidence – All Causes of Action)

Plaintiff's claims are barred to the extent that Plaintiff engaged in misconduct which would have justified any adverse action by Defendant even if Defendant was unaware of the conduct.

**THIRTEENTH SEPARATE DEFENSE**

(Failure to Mitigate Damages – All Causes of Action)

Plaintiff is not entitled to back pay or other damages to the extent that he failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other alleged damages.

**FOURTEENTH SEPARATE DEFENSE**

(Management Discretion – All Causes of Action)

Any and all conduct of which Plaintiff complains or which was attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant, undertaken for a fair and honest reason other than Plaintiff's purported disability or any other protected characteristic.

**FIFTEENTH SEPARATE DEFENSE**

(Legitimate Non-discriminatory Actions – All Causes of Action)

Plaintiff's claims are barred, in whole or in part, because all of Defendant's actions toward Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

**SIXTEENTH SEPARATE DEFENSE**

(Prompt Remedial Action – All Causes of Action)

To the extent that Plaintiff complained of any unlawful conduct, Defendant took prompt and appropriate remedial action to investigate and address his complaint(s), if any, and took appropriate corrective action.

**SEVENTEENTH SEPARATE DEFENSE**

(Worker's Compensation Exclusivity – All Causes of Action)

Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act pursuant to California Labor Code sections 3600 *et seq*.

3

## EIGHTEENTH SEPARATE DEFENSE

### (Lack of Knowledge – All Causes of Action)

To the extent that any unlawful conduct occurred, which Defendant denies, Defendant was not aware of Plaintiff's purported complaints of unlawful conduct.  Accordingly, Plaintiff's claims are barred or, alternatively, his relief limited.

## NINETEENTH SEPARATE DEFENSE

### (No Act by A Managing Agent – All Causes of Action)

Plaintiff's prayer for punitive damages is barred to the extent that he has not identified any unlawful conduct by an officer, director, or managing agent of Defendant.

## TWENTIETH SEPARATE DEFENSE

### (Adequate Legal Remedy – All Causes of Action)

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain equitable relief.

## TWENTY-FIRST SEPARATE DEFENSE

### (Failure to State a Claim for Relief for Punitive Damages – All Causes of Action)

Plaintiff is not entitled to recover any punitive, double, or exemplary damages against Defendant, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud, or malice pursuant to California Civil Code § 3294(a).

## TWENTY-SECOND SEPARATE DEFENSE

### (Due Process – All Causes of Action)

Plaintiff's punitive damage claims constitute a denial of Defendant's right to due process of law and equal protection of the law, or the taking for private property for public use without just compensation, and violate the separation of judicial, legislative, and executive powers guaranteed by the United States and California Constitutions.

1

**RESERVATION OF RIGHTS**

2          Defendant reserves the right to assert additional defenses should it become aware of additional

3    defenses during the course of this litigation.

4          WHEREFORE, Defendant prays for judgment as follows:

5          1.       That Plaintiff take nothing by his Complaint, and that this Complaint be dismissed with

6    prejudice;

7          2.       For costs of suit and attorneys' fees; and

8          3.       For such other further relief as this Court may deem just and proper.

9    DATED:  December 15, 2021                         Respectfully submitted,

10                                                      SEYFARTH SHAW LLP

11

12                                          By: _____

13                                                      Ari Hersher
                                                        Ian T. Long

14
                                                        Attorneys for Defendant
15                                                      UL LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT UL LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES
CASE NO. 21STCV41444                                      **EXHIBIT B**     **71**

1

**PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.

3

On December 15, 2021, I served the within document(s):

4

**DEFENDANT UL LLC'S ANSWER TO ~~PL~~**
**DAMAGES AND ~~~~**

5

6

☒ by placing the do
in the United Stat

7

☐ by placing the do

8

Express with post
California, addres

9

☒ by transmitting th

10

below.

11

12

 HKM EMPLOY
Chaka C. Okadigb

13

700 S. Flower Str

Los Angeles, CA

14

Tel/Fax: (213) 43

15

Email: cokadigbo

Attorneys for Plai

16

DANE RUSSELL

17

18

I am readily famili

mailing.  Under that practi

19

postage thereon fully prep

served, service is presume

20

after date of deposit for ma

21

I declare under pen

and correct.

22

Executed on Decem

23

24

Juliana Blackwell

25

26

27

28

77980028v.1

PR

**EXHIBIT B**      72