Chaka C. Okadigbo, Esq. (SBN 224547)
HKM EMPLOYMENT ATTORNEYS LLP
700 S. Flower Street, # 1067
Los Angeles, CA 90017
Tel/Fax: (213) 431-6209
Email: cokadigbo@hkm.com

Attorneys for Plaintiff,
DANE RUSSELL

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANE RUSSELL, an individual,

      Plaintiff,

      vs.

UL LLC, a Delaware limited liability
company; and DOES 1 through 20,
inclusive,

      Defendants.

Case No. CV 21-9736 FMO (PDx)

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

**1.      Disability/Medical Condition Discrimination (FEHA)**
**2.      Harassment Based on Disability/Medical Condition (FEHA)**
**3.      Age Discrimination (FEHA)**
**4.      Unlawful Harassment Based on Age (FEHA)**
**5.      Failure to Prevent Discrimination and Harassment (FEHA);**
**6.      Wrongful Termination in Violation of Public Policy (Disability/Medical Condition Discrimination)**
**7.      Wrongful Termination in Violation of Public Policy (Age Discrimination)**

**JURY TRIAL DEMANDED**

FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Dane Russell, an individual, ("Plaintiff" and/or "Mr. Russell") for Causes of Action against Defendants, UL LLC ("Defendant," "the Company," or "UL"), and DOES 1 through 20, inclusive, and each of them, hereby files his First Amended Complaint for Damages, as follows:

## JURISDICTION AND VENUE

1.     Plaintiff initially filed this action in the Superior Court of California for the County of Los Angeles.  Defendant removed the action to the U.S. District Court for the Central District of California on the basis of diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a), and 1441(b).

2.     Plaintiff timely filed charges with the California Department of Fair Employment and Housing ("DFEH") on November 10, 2021 and received a right-to-sue notice as to Defendants.  Plaintiff amended his charge on March 17, 2022 and received a right-to-sue notice the same day.

## PARTIES

3.     Plaintiff is an individual who worked for Defendant for nearly three years. Plaintiff is and was at all times relevant to this First Amended Complaint, a resident of the State of California, County of Los Angeles.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all material times was, a Delaware limited liability company. The Company is in the business of global safety certification, headquartered in Northbrook, Illinois. It maintains offices in 46 countries.

5.     The Company transacts, and is registered to do, business in California, and maintains several offices in California, including in Fremont, Brea, Oakland, Agoura Hills, Oceanside, and Oakland, among several California based locations.

6.     At all times herein, Defendant was and is an employer under the meaning of Government Code § 12926(d). Defendant has over 5 employees.

7.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise of Defendants sued herein as DOES 1-20,

FIRST AMENDED COMPLAINT FOR DAMAGES

inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

8.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein. Employer and DOES 1-20 herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

9.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

10.     At all times relevant herein, Employers and DOES 1-50 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§ 12926(d), 12940(a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

11.     Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, the entity Defendants and Does 1-50 acted as and constituted a "single employer" or "joint employer" of Plaintiff in connection with all governing

laws, statutes, and regulations.

12.     Whenever and wherever reference is made in this complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

13.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## **FACTUAL ALLEGATIONS**

14.     Mr. Russell was hired by the Company on or about November 2018 to work at its Alameda office and remained an employee with the Company until about July 2021.

15.     Mr. Russell initially worked for the Company as a product specialist for six months. Thereafter he worked as a sales manager for the following two years. Throughout performing work for the Company, Mr. Russell was awarded performance-based bonuses nine out of ten quarters. Mr. Russell's duties as a sales manager included, but were not limited to, managing a sales team, selling UL products and services, and maintaining customer accounts.

16.     Mr. Russell worked tirelessly in his role leading a five-person sales team that grew 20-30% year over year and was recognized as one of the top performing sales teams within UL. Additionally, Mr. Russell earned a $40,000 bonus each year based on his stellar performance.

17.     Mr. Russell was a stellar employee as exemplified by the growth of his sales team and UL giving him bonuses each year based on his performance.

18.     Mr. Russell was diagnosed with cancer in March 2021 and was treated with Mohs surgery that same month.  In May 2021, Mr. Russell received a second cancer diagnosis and underwent radiation treatment in May and June 2021. Along

with taking just one day off near the time he underwent surgery for his cancer, Mr. Russell received follow-up treatment from about 12:00 p.m. to 2:00 p.m. on a daily basis for 15 days, including during workdays. Notably, Mr. Russell worked two extra hours per day to account for the time he was taking off to undergo his cancer treatments.

19.    Mr. Russell's supervisors and the decision makers as to his employment status and/or the terms and conditions of his employment were aware of Mr. Russell's cancer diagnosis and of the fact that he received treatment for his condition.

20.    In June 2021, just after Mr. Russell's second cancer diagnosis and treatment, UL placed Mr. Russell on a 30-day performance improvement plan ("PIP"). Based on information and belief, Mr. Russell alleges that he was unfairly placed on a PIP due to his disability and need for medical care as the UL did not want to employ a person who would require significant medical care in connection with his cancer diagnosis or perceived him as having a health impairment or medical condition that may become a disability in the future. On information and belief, Mr. Russell's age, being 68 years old, factored into UL's decision to place him on a PIP.

21.    The PIP asserted that Mr. Russell needed to improve in certain areas of his work or else he would be terminated. However, as described more fully herein, the PIP was wholly baseless and served as a pretext for Mr. Russell's termination.

22.    Mr. Russell was criticized in the PIP for UL's over hiring of engineers relative to the actual needs of the Company. UL had relied on a particular software to estimate its hiring needs. The software projected inflated sales from Mr. Russell's sales team. However, Mr. Russell did not cause this predicament as he did not control the data input for the software. Nevertheless, he took charge of the situation after receiving the PIP and arranged for the software to rely on different and more accurate data to render more realistic business projections from his sales team.

23.    Additionally, Mr. Russell addressed every point raised in the PIP and updated management, including Karine Johnfroe and March Johnson, on a weekly

basis as to his progress in resolving the alleged performance "problems" outlined in the PIP. Even though Mr. Russell addressed every single point raised in the PIP, and despite the fact that nothing in the PIP identified any legitimate failings attributable to Mr. Russell specifically, UL, nevertheless, terminated Mr. Russell.

24.    Although Mr. Russell at all times performed his job satisfactorily, if not excellently, he addressed every point raised in his bogus PIP but was still terminated in July 2021.

## **FIRST CAUSE OF ACTION**

### **(Disability/Medical Condition Discrimination)**

### **(Against All Defendants)**

25.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

26.    At all times herein mentioned, the Fair Employment and Housing Act ("FEHA") was in full force and effect and was binding against the Company.

27.    Under the law, Government Code sections 12926 and 12940, and the accompanying regulations, "are to be broadly construed to protect applicants and employees from discrimination due to an actual or perceived physical or mental disability or mental condition that is disabling, potentially disabling or perceived to be disabling or potentially disabling. The definition of disability... shall be construed broadly in favor of expansive coverage by the maximum extent permitted by the terms of the Fair Employment and Housing Act (FEHA) .... [T]he primary focus in cases brought under the FEHA should be whether employers and other covered entities have provided reasonable accommodation to applicants and employees with disabilities, whether all parties have complied with their obligations to engage in the interactive process and whether discrimination has occurred, not whether the individual meets the definition of disability, which should not require extensive analysis." (Cal. Code Regs., tit. 2, § 11064(b).)

28.    Government Code section 12940, subdivision (a), provides that it is an

unlawful employment practice "[f]or an employer, because of the... physical disability, mental disability, [or] medical condition ... of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

29.    FEHA defines "disability" to include "[h]aving a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that constitutes a physical disability], which is known to the employer," "[b]eing regarded or treated by the employer ... as having, or having had, any physical condition that makes achievement of a major life activity difficult," or "[b]eing regarded or treated by the employer... as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability." (*Cal. Govt. Code §* 12926(m)(3)-(5).) Under the "regarded as" theory, an actual or existing disability is not necessary. (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 52-53.)

30.    FEHA also defines "medical condition" to include "[a]ny health impairment related to or associated with a diagnosis of cancer or a record or history of cancer." (*Cal. Govt. Code §* 12926(i)(1)).

31.    Plaintiff was diagnosed with cancer and, as a result, had to undergo medical treatments in May and June 2021.

32.    At all times relevant hereto, the Company and Does 1 through 20, inclusive, were made aware that Plaintiff had a medical condition.

33.    Plaintiff is informed and believes, and based thereon alleges, that the decision of Defendants to place him on a PIP and then terminate his employment was based on, or substantially motivated by, Plaintiff's medical condition (i.e. being diagnosed with cancer), Defendants' perception that his medical condition or disability would make the achievement of a major life activity difficult, or by

Defendants regarding Plaintiff as having a disease, disorder, condition or health impairment that had no present disabling effect but may become a physical disability. (Gov. Code, § 12926(m)(5).)

34. As a direct, legal, and proximate cause of Plaintiff's aforementioned protected status, UL and Does 1 through 20, inclusive, discriminated against Plaintiff on the basis of his actual or perceived disability, and medical condition, including, but not limited to, discriminating against and terminating Plaintiff within a short proximity of time of his revelation to them of his cancer diagnosis and of his taking of leave from work for medical treatments associated with the diagnosis.

35. As a direct, foreseeable, and proximate result of Defendants' conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial. Plaintiff has also suffered humiliation, serious mental anguish and emotional and physical distress; in an amount to be proven at trial.

36. The conduct of UL and Does 1 through 20, inclusive, was a substantial factor in causing Plaintiff's aforementioned harm.

37. The conduct of which Plaintiff complains was carried out by Defendants willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Plaintiffs rights. As such, Plaintiff is entitled to an award of exemplary damages according to proof. The aforementioned conduct which informs Plaintiff's seeking of punitive damages against Defendants was done with the advance knowledge by an officer, director, and/or managing agent of UL and Does 1 through 20, inclusive. The alleged conduct informing Plaintiff's seeking of punitive damages was authorized, ratified, and/or committed by an officer, director, and/or managing agent of UL and Does 1 through 50, inclusive.

38. FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Mr. Russell

has employed and will continue to employ attorneys for the initiation and prosecution of this action. Mr. Russell has incurred and will continue to incur attorneys' fees and costs herein. Mr. Russell is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

## SECOND CAUSE OF ACTION

**(Harassment Based on Disability or Medical Condition Discrimination)**

**(Against All Defendants)**

39.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein

40.     FEHA prohibits workplace harassment on the basis of a physical disability or medical condition. (Government Code §12940(j)(1).)

41.     Plaintiff, a male with a medical condition or physical disability , is a member of a protected class.

42.     Based on the foregoing facts alleged, Defendants subjected Plaintiff to a hostile unwelcome harassment based on his physical disability or medical condition. Specifically, Defendants put Plaintiff on a PIP and subjected Plaintiff to burdensome PIP requirements for no reason besides its unlawful ulterior motive to terminate Plaintiff's employment because of his medical condition or physical disability, or of their perception that Plaintiff's medical condition or disability had no present disabling effect but may become a physical disability, or their perception that Plaintiff's medical condition or disability would make the achievement of a major life activity (e.g. working) difficult. Defendants then terminated Plaintiff's employment based on the same ulterior, unlawful motives.

43.     Plaintiff considered the work environment at the time to be hostile, intimidating, offensive, oppressive, or abusive. Moreover, a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

44.     Plaintiff's supervisors engaged in the harassing conduct, thus making

Defendants strictly liable for the conduct of their agents.

45.    As a proximate result of the conduct of Defendants, Mr. Russell suffered, and will continue to suffer, damages in terms of lost wages, lost bonuses, and other compensation benefits, attorneys' fees, costs of suit and other pecuniary loss according to proof. Mr. Russell also suffered and will continue to suffer humiliation, serious mental anguish and emotional and physical distress; in an amount to be proven at trial.

46.    Defendant's conduct toward Plaintiff, being despicable and in conscious disregard of her rights and well-being, was willful, malicious, intentional, oppressive, and/or fraudulent, and thereby justify the award of punitive and exemplary damages in an amount to be determined at trial.

47.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Mr. Russell has employed and will continue to employ attorneys for the initiation and prosecution of this action. Mr. Russell has incurred and will continue to incur attorneys' fees and costs herein. Mr. Russell is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

## THIRD CAUSE OF ACTION

### (Age Discrimination)

### (Against All Defendants)

48.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

49.    At all times herein mentioned, FEHA was in full force and effect and was binding against the Company.

50.    Under FEHA, it is unlawful for an employer to discriminate against an employee on the basis of his or her age.  (Government Code § 12940(a).)

51.    Defendant UL was, at all times complained of herein, an employer

within the meaning of FEHA.

52.   At all times mentioned herein,  Plaintiff was an employee of Defendant UL.

53.   Defendants discharged Plaintiff.

54.   Plaintiff's age was a substantial motivating reason in Defendants' decision to discharge Plaintiff.

55.   As a proximate result of the conduct of Defendants,  Mr. Russell suffered, and will continue to suffer, damages in terms of lost wages, lost bonuses, and other compensation benefits, attorneys' fees, costs of suit and other pecuniary loss according to proof. Mr. Russell also suffered and will continue to suffer humiliation, serious mental anguish and emotional and physical distress; in an amount to be proven at trial.

56.   Defendants' conduct was a substantial factor in causing the above-referenced harm to Plaintiff.

57.   In doing the acts alleged herein, Defendant acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendant acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

58.   FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Mr. Russell has employed and will continue to employ attorneys for the initiation and prosecution of this action. Mr. Russell has incurred and will continue to incur attorneys' fees and costs herein. Mr. Russell is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

# FOURTH CAUSE OF ACTION

## (Unlawful Harassment Based on Age)

## (Against All Defendants)

59.     Plaintiff hereby re-alleges and incorporates herein by reference paragraphs 1 through 24 and 49 through 58 as though fully set forth herein.

60.     At all times mentioned herein, Plaintiff was over the age of forty. FEHA forbids harassment based on a protected category, including age. (Government Code §12940(j)(1).)

61.     Defendants subjected Plaintiff to a hostile unwelcome harassment based his age. Specifically, Defendants put Plaintiff on a PIP and subjected Plaintiff to burdensome PIP requirements for no reason besides its unlawful ulterior motive to terminate Plaintiff's employment because of his age. Defendants then terminated Plaintiff's employment based on the same ulterior, unlawful motives.

62.     Plaintiff considered the work environment at the time to be hostile, intimidating, offensive, oppressive, or abusive. Moreover, a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

63.     Plaintiff's supervisors engaged in the harassing conduct, thus making Defendants strictly liable for the conduct of their agents.

64.     As a proximate result of the conduct of Defendants UL and DOES 1-20, inclusive,  Mr. Russell suffered, and will continue to suffer, damages in terms of lost wages, lost bonuses, and other compensation benefits, attorneys' fees, costs of suit and other pecuniary loss according to proof. Mr. Russell also suffered and will continue to suffer humiliation, serious mental anguish and emotional and physical distress; in an amount to be proven at trial.

65.     Defendant's conduct toward Plaintiff, being despicable and in conscious disregard of her rights and well-being, was willful, malicious,

intentional, oppressive, and/or fraudulent, and thereby justify the award of punitive and exemplary damages in an amount to be determined at trial.

66.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions. Mr. Russell has employed and will continue to employ attorneys for the initiation and prosecution of this action. Mr. Russell has incurred and will continue to incur attorneys' fees and costs herein. Mr. Russell is entitled to an award of attorneys' fees and costs under California Government Code Section 12965(b).

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Harassment in Violation of FEHA)

### (Against All Defendants)

67.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

68.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Cal. Gov. Code § 12940(k).

69.    Although on notice, the Company, in violation of Cal. Gov. Code § 12940(k), failed to take reasonable steps to protect Plaintiff from the harassment and discrimination alleged herein. Despite the Company's knowledge of the harassment and discrimination alleged herein, and the actual knowledge of its agents, the Company allowed the harassment and discrimination of Plaintiff based on his medical condition to continue and ultimately terminated his employment.

70.    As a proximate result of Defendant's unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

71.    Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and

other appropriate relief as determined by this Court.

72.     In doing the acts alleged herein, Defendant acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendant acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy – Disability/Medical Condition Discrimination)**

**(Against All Defendants)**

73.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the paragraphs 1 through 24, 26 through 38, 40 through 47, and 68 through 72, as though fully set forth herein.

74.     A strong public policy against disability or medical condition discrimination underpins California law. (Government Code §§ 12920, 129020.5, and 12921.) The FEHA and other state and federal statutory schemes protect disabled workers (or workers with medical conditions or perceived disabilities or medical conditions) so that they may be free from discrimination due to their disability or medical condition. Defendants, and each of them, are charged with violating this public policy taking adverse employment actions against plaintiff based on plaintiff's age. Plaintiff invokes the FEHA as the basis for this tort cause of action for wrongful termination in violation of public policy.

75.     The Company and Does 1 through 50, inclusive, terminated Plaintiffs employment, as described above, in whole or in part, because of his medical condition and actual or perceived physical disabilities. These acts by the Company and Does 1 through 20, inclusive, were in violation of public policy of the State of California as evidenced by article I, section 1 of the California Constitution as well as the

enactment of the California Fair Employment and Housing Act. (Gov. Code, § 12900 *et seq.*)

76. As a proximate result of Defendant's unlawful acts, Plaintiff sustained economic damages, including a lost wages and benefits, and other compensatory damages in an amount to be ascertained at trial.

77. As a further direct and proximate result of the above-described acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress and has been generally damages in an amount to be ascertained at trial.

78. As a further direct and proximate result of the above-described acts of the Company and Does 1 through 20, inclusive, Plaintiff will necessarily continue to expend sums in the future for the treatment of the emotional injuries sustained by Plaintiff as a result of the Company's and Does 1 through 20's acts in an amount to be ascertained at the time of trial.

79. Plaintiff is entitled to damages, reasonable attorney's fees and costs, and other appropriate relief as determined by this Court.

80. In doing the acts alleged herein, Defendant acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a willful, intentional, and malicious manner, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish Defendants and to deter others from engaging in similar conduct.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy –Age Discrimination)

### (Against All Defendants)

81. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24, 49 through 58, 60 through 66, and 68 through 72, as though fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

82.     A strong public policy against age discrimination underpins California law.  (Government Code §§ 12920, 129020.5, and 12921.)  The FEHA and other state and federal statutory schemes protect older workers so that they may be free from discrimination due to their age. Defendants, and each of them, are charged with violating this public policy taking adverse employment actions against plaintiff based on plaintiff's age. Plaintiff invokes the FEHA as the basis for this tort cause of action for wrongful termination in violation of public policy.

83.     In discriminating against plaintiff for the reasons set forth above, Defendants violated the fundamental, substantial, and well-established public policies against discrimination  embodied in the FEHA.

84.     As a proximate result of Defendant's unlawful acts, Plaintiff sustained economic damages, including a lost wages and benefits, and other compensatory damages in an amount to be ascertained at trial.

85.     As a further direct and proximate result of the above-described acts of Defendants, Plaintiff has suffered and will continue to suffer emotional distress and has been generally damages in an amount to be ascertained at trial.

86.     As a further direct and proximate result of the above-described acts of the Company and Does 1 through 20, inclusive, Plaintiff will necessarily continue to expend sums in the future for the treatment of the emotional injuries sustained by Plaintiff as a result of the Company's and Does 1 through 20's acts in an amount to be ascertained at the time of trial.

87.     Plaintiff is entitled to damages, reasonable attorney's fees and costs, and other appropriate relief as determined by this Court.

88.     In doing the acts alleged herein, Defendant acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a willful, intentional, and malicious manner, Plaintiff is entitled to recover punitive

damages in an amount sufficient to punish Defendants and to deter others from engaging in similar conduct.

## **PRAYER FOR DAMAGES**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For emotional distress damages in an amount to be proven at trial;

2. For compensatory, economic, general, and special damages in amounts to be proven at trial;

3. For exemplary and punitive damages according to proof;

4. For the reasonable value of attorney services and fees, pursuant to applicable statutes;

5. For costs of suit incurred herein;

6. For prejudgment interest; and

7. For such other and further relief as this Court deems just and proper.

DATED:  March 26, 2022          HKM EMPLOYMENT ATTORNEYS LLP


By: _____
        Chaka C. Okadigbo, Esq.
        Attorneys for Plaintiff,
        DANE RUSSELL

## **DEMAND FOR JURY TRIAL**

Plaintiff Dane Russell hereby demands a trial by jury on all claims.

DATED:  March 26, 2022             HKM EMPLOYMENT ATTORNEYS LLP


By: _____
     Chaka C. Okadigbo, Esq.
     Attorneys for Plaintiff,
     DANE RUSSELL

**PROOF OF SERVICE**
*Dane Russell v. UL LLC. et al.*
Case No.  2:21-cv-09736-FMO-PD

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County Los Angeles.  My business address is 700 S. Flower Street, 10th Floor, Suite 1067, Los Angeles, CA 90017.

On March 26, 2022, I served the following document(s):

**FIRST AMENDED COMPLAINT FOR DAMAGES**

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with HKM Employment Attorneys LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 700 S. Flower Street, Tenth Floor, #1067, Los Angeles, CA 90017.

☐ **BY OVERNIGHT DELIVERY:**   I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of HKM Employment Attorneys LLP, 700 S. Flower Street, Tenth Floor, #1067, Los Angeles, CA 90017.  I am readily familiar with HKM Employment Attorneys LLP's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney

being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

    ☐ the written confirmation of counsel in this action:

    ☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☒ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 26, 2022, at Los Angeles, California.

        /s/ *Chaka Okadigbo*
        Chaka Okadigbo

FIRST AMENDED COMPLAINT FOR DAMAGES

## <u>SERVICE LIST</u>

Ari Hersher
Ian T. Long
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105-2930
ahersher@seyfarth.com
itlong@seyfarth.com

Attorneys for Defendant,
UL LLC

FIRST AMENDED COMPLAINT FOR DAMAGES